UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X Case No.:22-cv-06122-DLC
GERMAN BAYRON-PAZ,

          Plaintiff,

                     **HON. DENISE L. COTE**
     -against-             United States District Judge

WELLS FARGO BANK, N.A. and
B&Z AUTO ENTERPRISES, LLC d/b/a
EASTCHESTER CHRYSLER JEEP DODGE,

          Defendants.
-------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION OR TO CERTIFY INTERLOCUTORY APPEAL

Dated: New York, New York
    July 21, 2023.

                        Respectfully Submitted by:

                        FAGENSON & PUGLISI, PLLC
                        Counsel for Plaintiff

                        /s/ *Novlette R. Kidd*
                        NOVLETTE R. KIDD, ESQ.
                        450 Seventh Avenue, Suite 704
                        New York, New York 10123
                        Telephone: (212) 268-2128
                        Fax: (212) 268-217
                        nkidd@fagensonpuglisi.com

I.     **PRELIMINARY STATEMENT**

Plaintiff, German Bayron-Paz, hereby respectfully submits this memorandum of law in support of the instant motion for reconsideration of the Court's Opinion and Order ("Order" at ECF No. 56), granting the motions to compel arbitration of defendants B&Z Auto Enterprises, LLC d/b/a Eastchester Chrysler Jeep Dodge (or the "dealership") and Wells Fargo Bank, N.A. ("Wells Fargo). In the alternative, plaintiff respectfully submits this memorandum in support of the instant motion to certify an interlocutory appeal from the Order.

This is a case of fraud, deception, abuse and oppression perpetrated against Mr. Bayron-Paz by the two defendants. As detailed in his papers opposing the motions to compel arbitration, Mr. Bayron-Paz did not sign and did not consent to the retail installment contract in which appears the arbitration provision on which defendants relied for their motions.

The Court should grant reconsideration of its Order compelling arbitration, because the Court erred in failing to hold that defendants had conceded plaintiff's waiver argument by not opposing it in their reply brief. In addition, and in the alternative, the Court misapprehended controlling Supreme Court decision in holding that defendants did not waive any right they might have had to arbitration. Further, at minimum, genuine issues of material fact precluded the grant of defendants' motion to compel and the Court ought to have set the matter down for discovery and trial on the issue of formation of the alleged agreement to arbitrate. Finally, the questions raised warrant certification of an interlocutory appeal from the Order.

1

## II. STANDARD FOR REVIEW

This Court has held that, "[t]he standard for granting a motion for reconsideration is strict. A motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. A party may ... obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. The decision to grant or deny the motion for reconsideration rests within the sound discretion of the district court. *Chicco v. First Unum Life Insurance Co.*, 2022 WL 973733 (S.D.N.Y. Mar. 30, 2022) (citations and quotation marks omitted).

## III. ARGUMENT

### A. Defendants Conceded Plaintiff's Argument That They Waived Arbitration.

In his opposition memorandum of law, (ECF No. 51 at 18), plaintiff raised the issue that defendants had waived any right to arbitration they might have had, relying on the Supreme Court's decision in *Morgan v. Sundance, Inc.*, 142 S.Ct. 1708, 212 L.Ed.2d 753 (2022). The totality of defendants' response to plaintiff's waiver argument, was:

> Plaintiff's argument that Defendants waived arbitration finds no support in the law or facts of this case. In fact, the argument borders on frivolous and should be dismissed outright.

Defs' Reply Mem. at 4, ECF No. 52. This is not an argument which defendants even pretended to develop. Left unsaid, along with any citation to any legal authority, was which law and which facts defendants referenced in the above quote. As the concession occurred in defendants' reply brief, plaintiff did not have an opportunity to point it out to the Court.

However, the Court should have held, *sua sponte*, that defendants had conceded plaintiff's waiver argument. *See, Naughton v. Gutcheon*, 2022 WL 3646177, at *10, FN. 37 (D. Conn. Aug. 24, 2022): "To the extent Plaintiff's opposition might be liberally read to oppose dismissal of these claims generally, an objection without analysis adds nothing to the adjudicative process". *See, also, In re UBS AG Securities Litigation*, 2012 WL 4471265, at *11 (S.D.N.Y. Sep. 28, 2012) (recognizing that a party concedes through silence arguments by its opponent it fails to address); *First Capital Asset Management, Inc., v. Brickellbush, Inc.*, 218 F.Supp.2d 369, 392-393 (S.D.N.Y. 2002) (considering an argument not addressed in opposition brief to be waived). Defendants having thus conceded the waiver argument, the Court ought to have denied their motion to compel arbitration on the ground of waiver and it was clear error for the Court not to have done so.

      **B.**      **The Court Misapprehended The Holding In *Morgan v. Sundance, Inc.***

The Court ought to have held that *Morgan v. Sundance, Inc.* foreclosed a grant of defendants' motion to compel arbitration. The Supreme Court in *Morgan v. Sundance* substantially changed the law on a motion to compel arbitration. Before *Morgan*, the Second Circuit's analysis was similar to the Eighth Circuit's which was reversed by the Supreme Court in *Morgan*: (1) whether the party acted "inconsistently" with the arbitration right, and (2) whether that conduct prejudiced the other party. *Carcich v. Rederi A/B Nordie*, 389 F.2d 692, 696 (2d Cir. 1968). After *Morgan*, the sole analysis is whether the party acted inconsistently with the arbitration right, or, as the Supreme Court put it in remanding the case, "[d]id Sundance knowingly relinquish the right to arbitrate by acting inconsistently with that right?" *Morgan*, 142 S.Ct. at 1709. In sum, the Supreme Court in *Morgan* urges defendants to "use it or lose it", as it were. The effect of the Supreme

Court's ruling is that defendants should make their motion to compel arbitration at the earliest opportunity, not wait around and see how litigation or settlement negotiations go and then, if they do not like proceedings, make their motion to compel arbitration. The Supreme Court well-recognized the tactic employed by defendants here, because it is the tactic employed by most defendants before they move to compel arbitration.

> When a party who has agreed to arbitrate a dispute instead brings a lawsuit, the Federal Arbitration Act (FAA) entitles the defendant to file an application to stay the litigation. See 9 U.S.C. § 3. But defendants do not always seek that relief right away. Sometimes, they engage in months, or even years, of litigation—filing motions to dismiss, answering complaints, and discussing settlement—before deciding they would fare better in arbitration. When that happens, the court faces a question: Has the defendant's request to switch to arbitration come too late?

*Id*. at 1710-11.

In *Morgan*, the Supreme Court's answer to the question was, "yes". Thus, the Court reversed the grant of the motion to compel, though Sundance had litigated for fewer than eight months. Likewise, in the case at bar, defendants litigated for seven months–from July 2022 to February 2023 when the *dealership defendant* filed its motion to compel, Wells Fargo still not having done so by that time. During those seven months between the commencement of the action and the filing of the first motion to compel, defendants here engaged in every aspect of litigation listed by the Supreme Court in *Morgan*. Wells Fargo filed an answer to the complaint. Wells Fargo filed a motion to dismiss. The dealership requested mediation of the action, which request was granted. The parties engaged in settlement negotiations during the mediation, which proved unsuccessful. Only then did the dealership get around to filing its motion to compel arbitration in February 2023.

As mentioned, now, after *Morgan*, defendants no longer have the luxury of delaying the filing of their motion to compel until after they get a sense of how litigation may go.

4

The only question this Court needs to answer is, "did defendants know of their alleged right to arbitration and did they act inconsistently with the alleged right?" The answer to the question, as shown in plaintiff's opposition papers, is "yes'. From July 2021, defendants knew of the arbitration clause in the retail installment contract ("RIC"). The dealership drafted the RIC and knew of its right to arbitrate from the date on which the dealership alleged the RIC was signed, July 16, 2021. Wells Fargo accepted assignment of the RIC and knew of the arbitration clause in the RIC when it did so. This also occurred in July 2021. When plaintiff filed the action, the first thing defendants should have done was to make their motion to compel arbitration pursuant to the clause in the RIC. They did not do so.

*In re Pawn America Consumer Data Breach Litigation*, ---F. Supp.3d---, 2023 WL 3375712 (D. Minn. May 11, 2023) (appeal pending), the Court denied the defendants' motion to compel arbitration holding, pursuant to *Morgan*, that they had waived arbitration by failing to make the motion from November 2021, when the lawsuit was filed, to July 2022, when defendants finally filed their motion to compel. This was eight months. During that time, "[i]n addition to filing a motion to dismiss, Pawn America participated in numerous conferences, communications, and other pretrial proceedings, all without mentioning arbitration." *Ibid*., at 5. Defendants engaged in similar conduct here. The Court in *Pawn America* held that, "in light of *Morgan*, the only questions for this Court are whether Pawn America knew of its right to arbitrate and, if so, whether Pawn America acted inconsistently with that right." *Id*., at 3. The Court there proceeded to hold that, "[w]hen a contract contains an arbitration clause, the parties to that contract are presumed to know of their right to arbitrate *at the time the contract is signed*." *Id*. (emphasis added).

5

Accordingly, because defendants here allege that plaintiff signed the RIC in July 2021 and because this suit was brought in July 2022, defendants knew of their alleged right to arbitrate well before this suit was brought. Further, just as in *Morgan* and *Pawn America*, defendants participated in litigation for a period which, before *Morgan*, might have been considered a brief period of seven months, but which after *Morgan* is considered long enough to have waived any alleged arbitration right.

This Court in its Order referenced *La. Stadium & Exposition Dist. v. Merrill Lynch*, 626 F.3d 156, 159 (2d Cir. 2010) for its holding that defendants had not waived their right to arbitrate. But, *La. Stadium* has been abrogated by *Morgan*, and while this Court acknowledged the abrogation as to the prejudice factor in footnote 3, still the Court, respectfully, did not accord due weight to just how much *Morgan* changed the arbitration waiver analysis. The "time elapsed", a factor mentioned by this Court, (Order at 12), is not a factor which *Morgan* emphasizes. This Court observed in its Order that "less than a year passed" between commencement and the motion to compel. *Id*. But, of course, less than a year had passed in *Morgan* as well. This Court also observed that "no significant litigation has occurred in the intervening months". Order at 13. However, as shown *supra* and in plaintiff's opposition memorandum of law, (ECF No. 51 at 13-14), defendants answered, filed a motion to dismiss, attended a court conference, requested and engaged in settlement negotiations, all without moving for arbitration. *Morgan* teaches that no additional "significant litigation" is required for waiver.

## C. Genuine Issues Of Material Fact Precluded The Grant Of The Motion To Compel Arbitration.

At minimum, genuine issues of material fact precluded the grant of defendants' motion to compel and the Court ought to have set the matter down for discovery and trial on the issue of formation of the alleged agreement. The Court erroneously held that plaintiff had not identified a material fact in dispute which requires a trial to determine whether he signed the contract. Order at 10. In so holding, the Court overlooked plaintiff's allegation that the finance manager at the dealership, Julio Nunez, had plaintiff sign no document–including no retail installment contract–but instead had him sign a blank iPad screen. Plaintiff's argument is that the signatures appearing on the RIC are not his. Pl's Aff. at ¶¶ 23-25, ECF No. 49. Importantly, Nunez did not tell plaintiff he would attach plaintiff's signatures to a RIC and plaintiff did not intend for his signatures to be attached to a RIC. Accepting these allegations as true, as the Court must on defendants' motions, the Court should have either denied the motions or directed discovery and trial on the issue of contract formation.

Further, the only factual allegations which opposed plaintiff's allegations in his affidavit and complaint were the assertions of Nunez in his declaration, filed two weeks after the deadline. ECF No. 55. The effect of Nunez's allegations should have been, at most, to create contested material facts, not curtail them. By the Court's ruling, it *decided* the contested issues of fact raised in each side's filing, but it should instead have set those issues down for discovery and jury trial. "[C]ourts may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Tolan v. Cotton*, 572 U.S. 650, 656, 134 S.Ct. 1861, 188 L.Ed.2d 895 (2014).

### D. The Court Should Certify An Appeal From Its Order Compelling Arbitration.

In the alternative to granting the instant motion for reconsideration, the Court should certify an interlocutory appeal from its Order compelling arbitration. The Court shall certify an interlocutory appeal where "such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation". *Islam v. Lyft, Inc.*, 2021 WL 265165, at *3 (S.D.N.Y. June 28, 2021) (granting motion to certify interlocutory appeal of order granting motion to compel arbitration).

This Court's Order involves a controlling question of law on the issue of waiver as to which there is substantial ground for difference of opinion. With the factor of prejudice to plaintiff now stripped from the analysis, the question here is whether and to what extent under *Morgan v. Sundance* the district court should consider the length of time elapsed between commencement of an action and a defendant's filing of a motion to compel arbitration. This Court in its Order, as shown, noted that less than a year had passed before the motions to compel arbitration were filed. The question is whether, and to what extent, that matters. Further, under *Morgan*, squarely before the Court is now the question of when a party knows of its right to arbitrate. As shown, cases such as *Pawn America* hold that a party knows of its right to arbitrate as soon as the contract in which the arbitration clause is contained is signed.

On all these now seminal questions, the Second Circuit Court of Appeals has not yet had an opportunity to opine. This would be a case of first impression of those, and likely other, legal questions. In *Islam*, the Court certified an interlocutory appeal of its Order

compelling arbitration, finding that, "an interlocutory appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b)." *Id*. at 5. The Court in *Islam* noted "the system-wide costs and benefits of allowing the appeal, including the impact that an appeal will have on other cases." *Id*. (citation and quotation marks omitted). The Court held that this benefit outweighed the possibility that an immediate appeal may not advance the ultimate termination of the litigation, pointing out that a decision by the Court of Appeals would affect not just that case but numerous others which are likely currently in district courts throughout the Circuit.

## IV. CONCLUSION

By reason of the foregoing, plaintiff respectfully requests that the Court grant the within motion for reconsideration and, in the alternative, certify an interlocutory appeal from its Order compelling arbitration.

Dated: New York, New York
      July 21, 2023.

Respectfully Submitted By:

FAGENSON & PUGLISI, PLLC
Counsel for Plaintiff

*/s/ Novlette R. Kidd*
NOVLETTE R. KIDD, ESQ.
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Fax: (212) 268-2127
Nkidd@fagensonpuglisi.com