```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :    22cv6122 (DLC)
GERMAN BAYRON-PAZ,                        :
                                          :
                        Plaintiff,        :        ORDER
              -v-                         :
                                          :
WELLS FARGO BANK, N.A. and B&Z AUTO       :
ENTERPRISES, LLC d/b/a EASTCHESTER        :
CHRYSLER JEEP DODGE,                      :
                                          :
                        Defendants.       :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

An Opinion of July 7, 2023 (the "Opinion") granted the defendants' motions to compel arbitration and stayed this action pending the outcome of the arbitration proceedings. Bayron-Paz v. Wells Fargo Bank, N.A., No. 22cv6122 (DLC), 2023 WL 4399041 (S.D.N.Y. July 7, 2023). On July 21, the plaintiff moved for reconsideration of the Opinion or, in the alternative, certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

The standard for granting a motion for reconsideration is "strict." Cho v. Blackberry Ltd., 991 F.3d 155, 170 (2d Cir. 2021) (citation omitted). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surv., Inc. v.

Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A party may . . . obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Cho, 991 F.3d at 170. The decision to grant or deny the motion for reconsideration rests within "the sound discretion of the district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

The plaintiff's motion for reconsideration is denied. The plaintiff has not identified a need to correct a clear error or prevent manifest injustice.

Section 1292 is "a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). Section 1292(b) provides that

> When a district judge, in making in a civil action an
> order not otherwise appealable under this section,
> shall be of the opinion that such order involves a
> <u>controlling question of law</u> as to which there is
> <u>substantial ground for difference of opinion</u> and that
> an immediate appeal from the order may <u>materially
> advance the ultimate termination of the litigation</u>, he
> shall so state in writing in such order. The Court of
> Appeals which would have jurisdiction of an appeal of
> such action may thereupon, in its discretion, permit
> an appeal to be taken from such order, if application
> is made to it within ten days after the entry of the

2

order.

28 U.S.C. § 1292(b) (emphasis added); United States v. Prevezon Holdings Ltd., 839 F.3d 227, 235 (2d Cir. 2016).

Section 1292(b) certification should be "strictly limited because only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (citation omitted). The proponent of an interlocutory appeal bears the burden of showing that all three of the substantive criteria are met. See Casey v. Long Island R.R. Co., 406 F.3d 142, 146 (2d Cir. 2005).

The plaintiff's motion for certification of an interlocutory appeal under 28 U.S.C. § 1292(b) is denied. The plaintiff has not shown that any of the § 1292(b) criteria are met. In particular, the plaintiff has not demonstrated that the Opinion's holding that the defendants did not waive their right to arbitration is a conclusion on which there is a substantial ground for difference in opinion.

Dated:   New York, New York
         July 24, 2023

                                    _____
                                          DENISE COTE
                                    United States District Judge

3